IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL INSTITUTE OF AESTHETIC ARTS & BEAUTY, LLC, | § § § § § § § § § § § § | CIVIL ACTION NO._____ |
| Plaintiffs, | | |
| v. | | On removal from the County Civil Court at Law No. 6 of |
| MIDVALE INDEMNITY COMPANY AND GALLAGER BASSET SERVICE, INC. | | Collin County, Texas Cause No. 006-00090-2023 |
| Defendant. | | |

**DEFENDANT, MIDVALE INDEMNITY COMPANY'S, NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, Defendant, Midvale Indemnity Company ("Midvale"), files this Notice of Removal of this action from the County Civil Court at Law No. 6 of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division.[1] In support of this removal, Midvale states as follows:

**INTRODUCTION**

1.  Midvale issued a Texas Homeowners' Insurance Policy to International Institute of Aesthetic Arts & Beauty, LLC ("Plaintiff"). Plaintiff own the insured property, located at 1022 South Greenville Avenue, Allen, Texas 75002 ("the Property"). Plaintiff alleges a theft resulting in loss of covered business personal property occurred on or about October 22, 2021. Plaintiff submitted a claim to Midvale against the policy for damages to the Property as a result of the incident.

---

[1] Midvale files this Notice of Removal without waiver of any claims or defenses including, but not limited to, any objection to this Court's assertion of personal jurisdiction over Midvale in this matter. *See, e.g., Alliantgroup, L.P. v. Feingold,* No. H- 90-0479, 2009 WL 1109093, at *6 (S.D. Tex. April 24, 2009) (personal jurisdiction objection may be raised after removal).

2.     On January 12, 2023, Plaintiff filed suit against Midvale and Gallagher Basset Services, Inc. ("Gallagher") in the County Civil Court at Law No. 6 of Collin County, Cause No. 006-00090-2023, styled *International Institute Aesthetic Arts & Beauty, LLC v. Midvale Indemnity Company and Gallagher Bassett Services, Inc.* (EXHIBIT B). Plaintiff served Midvale with the petition on or about January 23, 2023. *Id*. Plaintiff's Original Petition alleges breach of contract, violations of the Texas Insurance Code, and declaratory relief. *Id*. Plaintiff requested monetary relief in less than of $250,000. *Id*. Plaintiff alleged in its Petition that this case is not removable to federal court. *Id.* On February 13, 2023, Midvale filed an answer and jury demand. (EXHIBIT C).

3.     On August 28, 2023, Plaintiff for the first time provided an amount for its calculated damages in its Second Amended Disclosures, which is in the amount of $82,937.88. (EXHIBIT D).

4.     This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332. Plaintiff resides in Texas and is a citizen of the State of Texas. (EXHIBIT B). Midvale is a citizen of Wisconsin. (EXHIBIT E). Thus, Plaintiff is diverse in citizenship from Midvale.

5.     Regarding the amount in controversy, Plaintiff's petition seeks to recover only monetary relief of $250,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees. (EXHIBIT B). However, Plaintiff's Second Amended Disclosures state that Plaintiff now seeks to recover $82,937.88 by way of this lawsuit. (EXHIBIT D). As such, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

## BASIS FOR REMOVAL

6. Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court in that there is complete diversity of citizenship between Plaintiff and Midvale and the amount in controversy exceeds $75,000.

**A.     Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.**

7. Plaintiff resides in Collin County, Texas, rendering it a citizen of the State of Texas. (EXHIBIT B).  Midvale is a Wisconsin company authorized to engage in the insurance business in Texas, rendering it a citizen of the State of Wisconsin pursuant to 28 U.S.C. § 1332 (c)(1). (EXHIBIT E).

**B.     Plaintiff Requests an Amount in Excess of the Jurisdictional Minimum.**

8. In addition to the citizenship requirements, 28 U.S.C. § 1332(a) provides that the "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000…."

9. Plaintiff's Second Amended states its calculated economic damages are $82,937.88. (Exhibit D). Therefore, the amount in controversy is greater than $75,000.

**C.     All Other Requirements for Removal Have Been Satisfied.**

10. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because it is filed within thirty days of the date on which Midvale was served with Plaintiff's Second Amended Disclosures in which for the first time Plaintiff made Midvale aware the amount in controversy is in excess of $75,000.00 and the case is removable. (EXHIBIT D).   In this regard, Plaintiff initially alleged in its Original Petition this case was not removeable. (EXHIBIT B).  However, Plaintiff's discovery pleading stating it is now seeking to recover $82,937.88 in its Second Amended Disclosures has made this case removable. (EXHIBIT D).  Through the filing of this Notice of

Removal, Midvale expressly reserves, and does not waive, any defenses relating to service of process including, but not limited to, insufficient process or insufficient service of process. *See Padre Nterprises, Inc. v. Rhea*, 2012 WL 1072849, No. 4:11CV674, at *1 (E.D. Tex. Mar. 29, 2012) (defense of improper service is not waived through filing of notice of removal).

11. Midvale has sought no similar relief with respect to this matter.

12. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

13. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the County Clerk of Collin County, Texas.

15. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

16. In accordance with 28 U.S.C. § 1446 and Local Rule 81, Midvale attaches the following documents as exhibits:

    i. Civil Cover Sheet;

    ii. Index of Matters Being Filed (EXHIBIT A);

    iii. Citation of Service on Defendant Midvale Indemnity Company and Plaintiff's Original Petition (EXHIBIT B);

    iv. Defendant Midvale Indemnity Company's Original Answer and Notice of Application for Jury Trial (EXHIBIT C);

    v. Plaintiff's Second Amended Disclosures (EXHIBIT D);

    vi. Company Summary from the Texas Department of Insurance (EXHIBIT E);

    vii. Docket Sheet; (EXHIBIT F);

      viii.      Plaintiff's Notice of Non-Suit with Prejudice (Exhibit G); and

      ix.      List of counsel of record and certificate of interested parties (EXHIBIT H) (The only orders signed by the state court judge were a Motion for Continuance the Plaintiff's Notice of Non-Suit with Prejudice of Gallagher Bassett Services, Inc.).

17.    The allegations in this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Eastern District of Texas, and this cause is removable to the United States District Court for the Eastern District of Texas.

18.    The undersigned represents Midvale in this matter.

19.    If any questions arise regarding the propriety of the removal of this action, Midvale requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

        Respectfully submitted,

        **THE HUDGINS LAW FIRM, P.C.**

By:    /s/ *Steven F. Hudgins*
        Steven F. Hudgins
        Attorney in Charge
        State Bar Number 00793993
        Southern District Bar No. 19623
        24 Greenway Plaza, Suite 2000
        Houston, Texas 77046
        Telephone (713) 623-2550
        Facsimile (713) 623-2793
        shudgins@hudgins-law.com

        **ATTORNEY FOR DEFENDANT,**
        **MIDVALE INDEMNITY COMPANY**

## **CERTIFICATE OF SERVICE**

      Pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Eastern District of Texas, I certify that service of Defendant Midvale Indemnity Company's Notice of Removal on known Filing Users will be automatically accomplished through the Notice of Electronic Filing on the 21st of September 2023.

                                                s/ *Steven F. Hudgins*_____
                                                Steven F. Hudgins